UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAY J. JOHNSON,<br><br>        Petitioner,<br><br>   v.<br><br>TEAUNA MIRANDA, Acting Warden,<br><br>        Respondent. | Case No. 2:25-cv-01879-JWH-SSC<br><br>**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE AND DENYING CERTIFICATE OF APPEALABILITY** |

Pursuant to 28 U.S.C. § 636 the Court has reviewed the Petition, all of the records herein, the Report and Recommendation of United States Magistrate Judge, and the objections of Petitioner Jay J. Johnson to the Report and Recommendation. The Court has engaged in a *de novo* review of those portions of the Report and Recommendation to which Johnson has objected.

The Report recommends the denial of the Petition and the dismissal of this action with prejudice. (ECF No. 23.) Johnson's objections to the Report (ECF No. 25) do not merit any change to the Report's findings or recommendations.

Johnson objects that the Report completely ignored the merits of his contentions that he is custody in violation of the Constitution or laws of the United States under 28 U.S.C. § 2254. (ECF No. 25 at 3, 5.) The objection is not responsive to the Report, which found that the Petition is untimely by almost four years. (ECF No. 23 at 6.) The Court therefore does not reach the merits of Johnson's claims that his custody violates federal law. *See Carey v. Saffold*, 536 U.S. 214, 226 (2002) (recognizing that the purpose of the one-year statute of limitations under 28 U.S.C. § 2244(d)(1) is "to protect the federal system from being forced to hear stale claims").

Johnson objects that the nation-wide and state-wide quarantine from the COVID-19 pandemic prevented him from fully researching his claims. (ECF No. 25 at 4.) That vague objection is not responsive to the Report, which made detailed findings about the insufficiency of Johnson's allegations about pandemic-related restrictions. The Report found that Johnson provided no information or documentation concerning how inmates' access to the law library was restricted, that Johnson conceded a paging system allowing access to library materials

2

was available, and that any alleged restrictions did not last long enough to afford Johnson sufficient equitable tolling of the statute of limitations. (ECF No. 23 at 10-13.) Johnson does not explain how any of those findings is wrong.

Johnson objects that his state court conviction is "void," meaning he can challenge it at "any time." (ECF No. 25 at 5.) The objection is duplicative of Johnson's earlier allegation that his "illegal sentence" can "be corrected at any time." (ECF No. 18 at 5.) As the Report found, those arguments are meritless because they rely on California cases, which "have no relevance to the application of AEDPA's statute of limitations." (ECF No. 23 at 13 (citing cases).)

Accordingly, the Court hereby **ORDERS** as follows:

1.      The findings and conclusions of the Magistrate Judge in the Report and Recommendation are **ACCEPTS** and **ADOPTED**.

2.      Judgment shall be entered **DENYING** the petition and **DISMISSING** this action **with prejudice**.

3.      Further, Johnson has not made a substantial showing of the denial of a constitutional right or that the court erred in its procedural ruling, and, therefore, a certificate of appealability will not issue in this action. *See* 28 U.S.C. § 253(c)(2); Fed. R. App. P. 22(b); *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated:January 29, 2026

_____
Honorable John W. Holcomb
UNITED STATES DISTRICT JUDGE

3